UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIAH ORTIZ,

    Plaintiff,

v.

XAVIER STEVENSON, *et al.*,

    Defendants.

Case No. 21–cv–17066–EP–ESK

OPINION AND ORDER

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on plaintiff Mariah Ortiz's motion for leave to file a second amended complaint (Motion To Amend) to assert a new claim for spoliation (ECF No. 30); and defendants having filed opposition to the Motion To Amend (ECF No. 34); and Ortiz having filed a reply (ECF No. 35); and the Court finding:

    1.    As set forth in the amended complaint filed by Ortiz on May 17, 2022, Ortiz's car was struck on February 26, 2021 by a tractor-trailer: (a) being driven by defendant Xavier Stevenson; and (b) owned and controlled by defendants BR Trucking, LLC and Landstar Ranger, Inc. (ECF No. 14 pp. 1, 2.) Ortiz asserted claims to recover damages for personal injuries in the amended complaint. (*Id.* pp. 1–3.)[1]

    2.    On December 10, 2021, I issued a scheduling order (December 2021 Order) after conducting an initial conference, wherein I directed that: (a) fact discovery would remain open through June 22, 2022; and (b) motions to amend the pleadings were to be filed no later than March 22, 2022 (Amendment Deadline). (ECF No. 10 ¶¶ 5, 6.) I adopted the Amendment Deadline suggested by the parties in their proposed joint discovery plan dated November 30, 2021. (ECF No. 7 ¶ 8(c)(6).)

---

[1] Ortiz filed the initial complaint in state court in July 2021. (ECF No. 1–1.) Defendants removed the case from state court in September 2021 under diversity jurisdiction. (ECF No. 1.) Ortiz filed the amended complaint solely to add BR Trucking, LLC as a defendant. (ECF No. 13 (Ortiz's correspondence dated May 12, 2022 stating same).)

3. I conducted a second conference on May 19, 2022 (ECF entry before ECF No. 15), even though the parties failed to file a joint status letter beforehand. (ECF No. 10 ¶ 1 (directing parties to file a joint letter before the conference to raise any issues needing to be addressed).) During the conference, Ortiz did not request to extend the Amendment Deadline, and I granted no such extension.

4. The parties filed a joint status letter on August 5, 2022, wherein they advised that defendants' depositions were scheduled to be held soon thereafter. (ECF No. 18.) Ortiz did not request in that letter to extend the Amendment Deadline. On August 11, 2022, I conducted a third conference and I extended only the deadline to conduct fact discovery to September 30, 2022. (ECF No. 19.)

5. The parties filed a joint status letter on November 22, 2022, wherein they advised that "[a]ll parties have appeared for deposition." (ECF No. 20 p.1.) Ortiz did not request in that letter to extend the Amendment Deadline. On November 28, 2022, I conducted a fourth conference and I extended only the deadline to complete expert discovery. (ECF No. 22.)

6. The parties filed a joint status letter on March 9, 2023. (ECF No. 26.) Ortiz did not request in that letter to extend the Amendment Deadline. On March 15, 2023, I conducted a fifth conference and I directed the parties to participate in mediation. (ECF No. 27.) I did not extend the Amendment Deadline.

7. The parties filed a joint status letter on July 7, 2023 and advised that mediation had failed. (ECF No. 28.) I conducted a sixth conference on July 12, 2023 (ECF No. 29), during which Ortiz advised me that the tractor-trailer had a dashboard camera, but that any video captured by the camera had since been deleted. Ortiz professed to have learned about the dashboard camera during Stevenson's deposition, which occurred on August 22, 2022.

8. On July 18, 2023, seventeen months after the Amendment Deadline had expired, Ortiz filed the Motion To Amend to add a claim for spoliation related to defendants' failure to preserve the video from the dashboard camera. (ECF No. 30; *see* ECF No. 30–2 pp.3–6 (Ortiz's demarcated proposed amendments).) Defendants have filed opposition (ECF No. 34), and Ortiz has filed a reply (ECF No. 35).

9. Ortiz argues in the brief supporting the Motion To Amend that she discovered for the first time during Stevenson's deposition on August 22, 2022 that: (a) the tractor-trailer had a dashboard camera on the day of the accident; (b) the camera would have created a video from Stevenson's viewpoint looking out of the windshield toward the road; and (c) Stevenson had failed to preserve the video. (ECF No. 30–4 pp.2–9; *see* ECF No. 30–1 pp.9, 10 (Stevenson's deposition

testimony).)  In arguing for leave to amend to assert a spoliation claim, Ortiz addresses the standards set forth under Federal Rule of Civil Procedure 15 (Rule 15) only.  (ECF No. 30–4 pp.6, 7.)

10.  In opposition, defendants admit that Stevenson did not save the video, and that the footage was automatically overwritten because it was not retrieved from the memory card in the camera within 24 hours.  (ECF No. 34–2 ¶¶6, 7.)  However, in contrast to Ortiz, defendants address the requirements for such an amendment under Federal Rule of Civil Procedure 16 (Rule 16), because the Motion To Amend was filed well after the Amendment Deadline set for March 2022 had expired.  (ECF No. 34 pp.5, 6.)  In particular, defendants point to Ortiz's delay of 11 months in seeking relief between Stevenson's deposition testimony concerning the dashboard camera video in August 2022 and the filing of the Motion To Amend in July 2023.  (*Id.* p.6.)  In addition, defendants argue under Rule 15 that it would be unreasonable and prejudicial at this juncture to permit Ortiz's proposed amendment.  (*Id.* p.7.)

11.  Ortiz addresses the Rule 16 standards for the first time in the reply. (ECF No. 35.)  Ortiz argues that the existence of the dashboard camera video was not revealed until August 22, 2022, and thus it was not realistic for Ortiz to file the Motion To Amend before the Amendment Deadline elapsed in March 2022.  (*Id.* p.3.)  However, Ortiz is silent on the issue of the delay of 11 months between discovering this information during Stevenson's deposition in August 2022 and the filing of the Motion To Amend in July 2023.

12.  Ortiz's first attempt to seek leave to file a second amended complaint was in filing the Motion To Amend in July 2023, which was well after the March 2022 Amendment Deadline set forth in the December 2021 Order.  (ECF Nos. 10, 30.)  As a result, Ortiz must satisfy the requirements of a showing of good cause pursuant to Rule 16 before the requirements of Rule 15 can even be considered.  *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (holding that when a party moves to amend a pleading "after the deadline in a district court's scheduling order has passed, the 'good cause' standard of [Rule 16] applies," and a "party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard"); *Adams v. Republic Servs., Inc.*, No. 12-00267, 2014 WL 12610152, at *2 (D.N.J. Sept. 16, 2014) (holding same); *see also Moses v. Gusciora*, No. 18-14762, 2021 U.S. Dist. LEXIS 45023, at *4 (D.N.J. Mar. 8, 2021) (holding "if the moving party is unable to demonstrate good cause, the Court will deny the motion and will not proceed to a Rule 15 analysis" (internal quotation marks, alterations, and citations omitted)).  In determining whether good cause exists, the "focus[ ] [is] on the diligence of the party" in seeking an amendment once the basis for the amendment has been discovered.  *Adams*, 2014 WL 12610152, at *2.

13.     Ortiz fails to address the good cause requirement of Rule 16(b)(4) in the initial briefing (*see generally* ECF No. 30–4), and thus Ortiz could be deemed to have forfeited its opportunity to argue on this issue.  *See Premier Comp Sols., LLC*, 970 F.3d at 319 (holding the district court "did not abuse its discretion in ignoring [the plaintiff's] attempt to address Rule 16(b)(4)'s 'good cause' standard," where plaintiff "relied solely on Rule 15(a)" and "did not address Rule 16(b)(4) except in reply"); *Reap v. Continental Cas. Co.*, 199 F.R.D. 536, 550 n.10 (D.N.J. Mar. 21, 2001) (holding that it is improper for a party to present a new argument in the reply brief).  However, I will "conduct a threshold 'good cause' inquiry under Rule 16 prior to conducting an analysis under Rule 15," even though Ortiz filed the Motion To Amend after the Amendment Deadline and has not explicitly sought to extend it, in the interests of justice.  *Lee v. Park*, No. 12-07437, 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015), *aff'd in relevant part*, 720 F.App'x 663, 668–69 (3d Cir. 2017); *see Bolus v. Carnicella*, No. 15-01062, 2020 WL 7059632, at *2 (M.D. Pa. Dec. 2, 2020) (noting that a "Rule 16 analysis is mandatory and not permissive" whenever a party seeks leave to amend a pleading beyond the court's scheduling order).

14.     Pursuant to Rule 16, the December 2021 Order "may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  A finding of good cause depends upon an assessment of Ortiz's "diligence" as the movant.  *Morel v. Goya Foods, Inc.*, No. 20-05551, 2022 WL 3369664, at *2 (D.N.J. Aug. 16, 2022) (internal quotation marks and citations omitted); *see Konopca v. FDS Bank*, No. 15-01547, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016) (holding that to demonstrate good cause, the movant must show that greater diligence was "impossible").  The good cause standard under Rule 16 "is not a low threshold," because "[d]isregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and cavalier."  *Morel*, 2022 WL 3369664, at *2 (internal quotation marks and citations omitted).  Only if good cause is demonstrated will an analysis under Rule 15 then proceed, under which "a party may amend its pleading only with the opposing party's written consent or the court's leave," and under which "[t]he court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2); *see Morel*, 2022 WL 3369664, at *2.

15.     Ortiz was well-aware of the alleged basis for a separate spoliation claim following Stevenson's deposition on August 22, 2022, which was 11 months before the Motion To Amend was filed in July 2023, yet Ortiz failed to act sooner.  Ortiz could have easily sought to extend the Amendment Deadline during the two conferences that I conducted subsequent to my entry of the December 2021 Order and before August 22, 2022 as a precautionary measure while discovery was ongoing (*see* ECF entry before ECF No. 15; ECF No. 19 (second and third conferences)), yet Ortiz did not do so.  Additionally, Ortiz could have easily

4

sought to extend the Amendment Deadline during the two conferences that I conducted after August 22, 2022 and before I conducted the conference on July 12, 2023 wherein I was first advised about the existence of the dashboard camera video (ECF Nos. 22, 27 (fourth and fifth conferences)), yet Ortiz failed to do so.

16. As a result, Ortiz has not demonstrated good cause under Rule 16 to permit an amendment to add a spoliation claim at this juncture. It may be that Ortiz was unable to discern the potential spoliation issue until Stevenson was deposed on August 22, 2022, which was five months after the Amendment Deadline had expired. Had Ortiz filed the Motion To Amend soon after August 22, 2022, perhaps Ortiz would have met the good cause standard. But Ortiz's unexplained failure to file the Motion To Amend for leave to assert a spoliation claim for 11 months after realizing the issue cannot be excused. *See Watson v. Sunrise Senior Living Servs., Inc.*, No. 10-00230, 2015 WL 1268190, at *9 (D.N.J. Mar. 18, 2015) (denying plaintiff's motion for leave to amend to assert a spoliation claim, because "plaintiff neither acknowledges his delay in seeking amendment nor attempts to explain if any mistake or neglect caused his delay").

17. Ortiz may not have been made aware of the dashboard camera video until after the Amendment Deadline had expired. However, that initial lack of awareness did not provide Ortiz with *carte blanche* to wait an inordinate amount of time by "s[itting] on the information for months" before filing the Motion To Amend. *MaxLite, Inc. v. ATG Elecs., Inc.*, No. 15-01116, 2021 WL 4520418, at *5–7 (D.N.J. Oct. 4, 2021) (denying motion for leave to amend to assert a spoliation counterclaim, even though the movant first learned of the alleged misconduct after the amendment deadline set by the district court expired, because movant was aware for approximately seven months before filing the motion) (internal quotation marks, alterations, and citation omitted); *see IQVIA Inc. v. Veeva Sys., Inc.*, No. 17-00177, 2022 WL 111059, at *5 (D.N.J. Jan. 12, 2022) (denying plaintiff's motion for leave to amend to assert a spoliation claim, even though plaintiff first learned of the alleged misconduct after the amendment deadline set by the district court expired, because plaintiff was aware for 17 months before filing the motion). It was certainly not "impossible" for Ortiz to file the Motion To Amend, or to at least file an advisory letter with the Court, soon after August 22, 2022. *See Konopca*, 2016 WL 1228844, at *2.

18. As a result, the Motion To Amend is denied for Ortiz's failure to meet the requirements of the Rule 16 standards. *See Napolitano v. Ragan & Ragan PC*, No. 15-02732, 2017 WL 278475, at *3 (D.N.J. Jan. 20, 2017) (denying motion to amend filed after amendment deadline had elapsed for lack of good cause under Rule 16, and holding the plaintiff's argument that "she anticipated and expected an extension of the deadline for amending the pleadings" when discovery extensions had been granted was without merit); *Adams*, 2014 WL 12610152, at

*1 (denying motion to amend complaint filed after deadline had expired, and noting discovery deadline had been extended four times without any party seeking to extend the amendment deadline).

19. Since I am denying the Motion To Amend under Rule 16, I will not engage in an analysis under Rule 15. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming a district court's determination that a failure to satisfy the Rule 16 standard was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings); *Joy v. Perez*, No. 10-01636, 2011 WL 221700, at *3 (D.N.J. Jan. 21, 2011) (holding "[b]ecause [p]laintiffs have not shown 'good cause' [under Rule 16], the Court need not — and, in fact, cannot — proceed to an analysis of whether prejudice exists and whether to grant leave to amend the Complaint under Rule 15(a)"). However, I note that Ortiz would not have satisfied the requisites of Rule 15 based upon the elements of undue delay and prejudice. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (setting forth grounds that could justify a denial of leave to amend a pleading under Rule 15 such as undue delay, bad faith, dilatory motive, prejudice, and futility). Ortiz knew about the basis for a potential spoliation claim for 11 months before filing the Motion To Amend, yet Ortiz engaged in undue delay by not acting to amend the pleading immediately in view of the expiration of the Amendment Deadline. In addition, if the proposed amended claim were to be added to the case at this juncture, defendants would be prejudiced by requiring to engage in renewed discovery and to defend liability on completely new grounds. Furthermore, I would be required to enter a new scheduling order in this case that was already nearly two years old upon the filing of the Motion To Amend.

20. I note that my denial of the Motion To Amend does not leave Ortiz without a potential remedy on the issue of spoliation. For instance, Ortiz is not barred from filing a motion *in limine* at the time of trial to impose an adverse inference based on defendants' alleged spoliation of the video evidence. *See Devine v. Prudential Ins. Co. of Am.*, No. 03-03971, 2007 WL 1875530, at *2 (D.N.J. June 28, 2007) (holding same in denying motion for leave to amend a complaint to assert a spoliation claim); *see also LoanDepot.com v. CrossCountry Mortg., Inc.*, 399 F.Supp.3d 226, 240 n.6 (D.N.J. 2019) (noting that in addition to a cause of action for spoliation, measures such as imposing a relevant jury instruction are available to a party).

Accordingly,

**IT IS** on this   11th day of **October 2023**   **ORDERED** that:

1. The Motion To Amend is **DENIED**.

2. The Clerk is directed to terminate ECF No. 30.

3. The amended complaint (ECF No. 14) remains the operative pleading in this case.

4. The parties are reminded of the telephone status conference scheduled for October 12, 2023 at 11:30 a.m.   (ECF No. 36.)

　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Edward S. Kiel_
　　　　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**